AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
15243 La Cruz Dr., #67
Pacific Palisades, California 90272
Telephone: (310) 849-2030
Facsimile: (310) 473-2222
amir@mostafavilaw.com
*Attorneys for Movant Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018*

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>SHLOMI ABITTAN,<br>　　　Debtor.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018,<br>　　　Movant,<br>　　　　　v.<br>　　SHLOMI ABITTAN, Debtor-Respondent; NANCY J. ZAMORA, Chapter 7 Trustee,<br>　　　Respondents. | **CASE NO.: 1:26-BK-10386-MB**<br>**JUDGE:  HON. MARTIN R. BARASH**<br><br>**CHAPTER 7**<br><br>**MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY; EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4**<br><br>*[Filed concurrently with Declaration of Amir Mostafavi]*<br><br>HEARING DATE: APRIL 14, 2026<br>HEARING TIME: 10:00 AM<br>COURTROOM:    303<br>21041 BURBANK BLVD.<br>WOODLAND HILLS, CA 91367 |

1

MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY;
EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC
27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER
CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4

## I.      INTRODUCTION

Movant Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 ("Movant"), respectfully submits this Reply in support of his Motion for Relief from the Automatic Stay, and in direct response to the Declaration of Harvey Stern filed by State National Insurance Company ("SNIC") on April 6, 2026 as Docket No. 27 ("Stern Declaration"). The Stern Declaration, and the companion Declaration of Shlomi Abittan filed by the Debtor at Docket No. 22 ("Abittan Declaration"), cannot be reconciled with each other or with the documentary record. Taken together they ask this Court to accept two mutually exclusive versions of the same facts, both given under penalty of perjury.

The governing California statutes, the Judicial Council form on which the declarants rely, the sworn return of a registered California process server, and the Debtor's own pre-litigation writings establish that (i) Mr. Stern remained Mr. Abittan's attorney of record in Los Angeles Superior Court Case No. 23SMCV05401 until the Substitution of Attorney was filed and served on December 3, 2025; (ii) personal service of the First Amended Complaint in Los Angeles Superior Court Case No. 25SMCV03852 at Mr. Stern's office on November 4, 2025 was accepted and is entitled to the statutory presumption of validity under Evidence Code section 647; and (iii) the declarations of Mr. Stern and the Debtor are internally and externally contradictory in material respects. Movant respectfully requests that this Court (a) sustain Movant's evidentiary objections to paragraphs 2 through 5 of the Stern Declaration; (b) strike those paragraphs or, in the alternative, give them no weight; (c) grant the Motion for Relief from the Automatic Stay; and (d) issue an order to show cause why the filing of the Stern Declaration should not be the subject of further inquiry consistent with Federal Rule of Bankruptcy Procedure 9011 and the California Rules of Professional Conduct.

## II.      THE RELEVENT CONTROLLING AUTHORITIES

Code of Civil Procedure section 284 provides, in relevant part, that the attorney in an action "may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other." (Code Civ. Proc., § 284.) Section 285, which is the rule that SNIC's papers simply ignore, provides in full: "When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney." (Code Civ. Proc., §

2

285.) Code of Civil Procedure section 1011 authorizes personal service upon an attorney of record at the attorney's office. Evidence Code section 647 provides that "[t]he return of a process server registered pursuant to Chapter 16 (commencing with Section 22350) of Division 8 of the Business and Professions Code upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." (Evid. Code, § 647.) The standards of candor owed to this Court are set out in California Rules of Professional Conduct, rule 3.3 ("[a] lawyer shall not . . . offer evidence that the lawyer knows to be false") and rule 3.4(c) (a lawyer shall not "counsel or assist a witness to testify falsely"). Federal Rule of Bankruptcy Procedure 9011(b) imposes parallel duties of factual and legal accuracy upon every paper presented to this Court. Declarations submitted in this Court are governed by 28 U.S.C. section 1746; declarations submitted under California law are governed by Code of Civil Procedure section 2015.5; and perjury in this Court is reached by 18 U.S.C. sections 1621 and 1623, while perjury committed in connection with a declaration executed in California under California law is reached by Penal Code section 118.

In *In re Marriage of Warner* (1974) 38 Cal.App.3d 714, the Court, construed section 285 and held that, in the absence of a filed substitution or a waiver by the adverse party, the former attorney remains the attorney of record. The court explained that "[t]he newly appointed attorney will not be recognized by the courts, and his acts will be ineffective, unless he is substituted as attorney of record or unless the opposing party, by dealing with him as an attorney, waives the failure to substitute." (*In re Marriage of Warner,* at p. 720.) *Warner* ultimately permitted a late-filed substitution to allow the representation. The issue here is in opposite: did the notice of the substitution that had not been filed or served upon adverse party constitute a proper substitution under sections 284, and 285, especially if the late filing had misled or prejudiced the adverse party, which only sharpens the inquiry this Court is being asked to undertake.

Here, in contrast to *Warner*, the late filing did mislead and did prejudice Movant: Movant served the First Amended Complaint at Mr. Stern's office on November 4, 2025 precisely because as of November 4, 2025, Mr. Stern still considered the Debtor's counsel, the Debtor's verified discovery responses, and section 285 together required him to recognize Mr. Stern as the Debtor's attorney on that date. The very prejudice *Warner* found absent is present on this record.

## III.    THE TERMINATION OF MR. STERN'S REPRESENTATION AS TO MOVANT OCCURRED ON DECEMBER 3, 2025, NOT OCTOBER 6, 2025

Mr. Stern's central factual assertion is that he "substituted out of Los Angeles Superior Court

3

Case no. 23SMCV05401 and ended my representation of Shlomi Abittan on or about October 6, 2025." (Doc 27, Stern Decl., ¶ 2.) That assertion conflates two entirely different things: the private arrangements between an attorney and his client, and the point at which an adverse party and the court are entitled to treat the representation as terminated. California law resolves the conflation in one direction only. Section 284 specifies the two exclusive methods by which an attorney may be "changed" in an action. Section 285 then supplies the rule of effectiveness as to the adverse party: "written notice of the change . . . must be given to the adverse party. Until then he must recognize the former attorney." (Code Civ. Proc., § 285.) The rule is absolute on its face. It is not qualified by the content of private emails, by private agreements between the attorney and the client, or by the client's subjective decision to proceed in propria persona. It is a bright-line rule that exists precisely to protect adverse parties such as Movant from precisely the confusion the Stern Declaration now asks this Court to import into the record.

There is no dispute that the MC-050 Substitution of Attorney—Civil (Without Court Order) in Los Angeles Superior Court Case No. 23SMCV05401, attached as Exhibit 1 to the Abittan Declaration, was not filed and served on Movant until December 3, 2025. The face of the Judicial Council form bears signatures dated October 6, 2025, but a form bearing a signature date is not an effective change of counsel until the two further acts required by sections 284 and 285 are performed: the consent must be "filed with the clerk" (§ 284(1)) and written notice of the change must be "given to the adverse party" (§ 285). Neither event occurred until December 3, 2025. On November 4, 2025, the day of the service that is the subject of Mr. Stern's declaration, Mr. Stern remained attorney of record in Case No. 23SMCV05401, and Movant was entitled by statute to continue to recognize him in that capacity. Paragraph 2 of the Stern Declaration is therefore incorrect as a matter of California law in the only sense that matters to this Court: as to Movant, Mr. Stern's representation did not end on October 6, 2025.

IV.   **THE NOVEMBER 4, 2025 PERSONAL SERVICE AT MR. STERN'S OFFICE IS PRESUMED VALID UNDER EVIDENCE CODE SECTION 647, AND THE STERN DECLARATION DOES NOT REBUT THE PRESUMPTION**

Exhibit 2 to the Abittan Declaration is the Judicial Council POS-010 Proof of Service of Summons executed by a registered California process server in connection with Los Angeles Superior Court Case No. 25SMCV03852. Box 5.a is checked, indicating "personal service." The narrative states that on November 4, 2025 at 4:54 p.m. the process server personally delivered the

4

First Amended Summons, First Amended Complaint, and Exhibits to "Harvey Stern" at 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212. The narrative states that Mr. Stern "identified themselves as authorized to accept service of process for the party," that "[t]he individual accepted service with direct delivery," and that the recipient was a gray-haired white male of approximately the build the process server described. Under Evidence Code section 647, that sworn return "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." (Evid. Code, § 647.)

The presumption created by Evidence Code section 647 shifts the burden of producing evidence to the party challenging the service. (Evid. Code, § 647.) A self-serving declaration that the declarant was not authorized to accept service, executed nearly five months after the fact, does not meet that burden. It is flatly contradicted by the contemporaneous observations of a neutral registered California process server, who recorded in a sworn return that Mr. Stern verbally identified himself as authorized. The Stern Declaration does not deny that Mr. Stern was the individual the process server encountered on November 4, 2025. It does not deny that the process server handed the papers to him. It does not deny that he physically took the papers. And it offers no explanation at all for the process server's contemporaneous record that Mr. Stern affirmatively "identified themselves as authorized to accept service." Under section 647, the Court should presume the facts stated in the POS-010 are true. Nothing in the Stern Declaration is admissible evidence of the kind required to rebut the presumption.

Two independent grounds reinforce the conclusion that service was effective. First, because Mr. Stern remained the attorney of record in the 2023 case as of November 4, 2025 by operation of sections 284 and 285, service at his office was independently authorized by Code of Civil Procedure section 1011 for all purposes in which Movant was entitled to treat him as counsel. Second, the Debtor himself, in his verified responses to Movant's written discovery in the 2023 action, identified Mr. Stern's office as the place at which he could be served. (See Doc 24, Movant's Supplemental Declaration, ¶2, Exhibit A) Those responses were executed by the Debtor under penalty of perjury and amount to a designation of Mr. Stern's office as a place for service within the meaning of Code of Civil Procedure section 416.90. Mr. Stern's present declaration neither acknowledges nor addresses those verified discovery responses.

## V. THE STERN DECLARATION AND THE ABITTAN DECLARATION CONTRADICT EACH OTHER IN MATERIAL RESPECTS

5

The record this Court must evaluate is not limited to the Stern Declaration in isolation. It also includes the Debtor's own declaration, filed earlier in this same contested matter, as Docket No. 22. In paragraph 4 of that declaration the Debtor swore that the Substitution of Attorney "was prepared in October 2025, which I did not sign until December when it was filed." (Doc 22, Abittan Decl., ¶ 4.) The Debtor's declaration is verified under the laws of both California and the United States. (Doc 22, Abittan Decl., p. 5.) The Substitution of Attorney form attached to the Debtor's own declaration as Exhibit 1, however, bears two signatures dated October 6, 2025: one by the Debtor at item 4 and one by Mr. Stern at item 5. Both statements cannot be true. Either (a) the Debtor did in fact sign the MC-050 on October 6, 2025, in which case his sworn declaration that he did not sign it until December is false; or (b) the Debtor did not sign the MC-050 until December 2025, in which case the October 6, 2025 date written on the face of the Judicial Council form — the very document the Stern Declaration invites this Court to credit — is false. There is no reading of the record in which both the Debtor and the MC-050 can be believed.

The Stern Declaration deepens rather than resolves the contradiction. Paragraph 3 asserts that Mr. Stern "informed Amir Mostafavi in writing via email sent on or shortly after October 6, 2025, that I was no longer representing Shlomi Abittan." Movant concedes, an email sent by Mr. Stern to Movant on October 1, 2025 — five days before the date Mr. Stern now claims he informed Movant of the end of his representation. The October 1, 2025 email predates the October 6, 2025 signature date on the MC-050 and cannot be the "on or shortly after October 6, 2025" communication Mr. Stern describes. (Mostafavi Decl. ¶2, Exhibit A) The record therefore shows not a single consistent story but different story lines, none of which can be reconciled with the others. Whichever story is true, both cannot be simultaneously true.

Movant acknowledges, as objectivity requires, that the Court could choose to treat these contradictions as the product of imprecise drafting rather than willful falsity. Movant does not ask the Court to draw a conclusion of perjury at the hearing on the Motion for Relief from the Automatic Stay, where no evidentiary record yet exists. Movant asks the Court only to (i) disregard the Stern Declaration for purposes of deciding the stay motion because, as a matter of law under sections 284 and 285, Mr. Stern's conclusions are wrong; and (ii) set the further procedure described below so that the contradictions can be examined on a proper record.

### VI.    EVIDENTIARY OBJECTIONS TO THE STERN DECLARATION

Movant respectfully submits the following objections to the Stern Declaration (Doc 27). Each

MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY;
EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC
27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER
CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4

objection is made on the grounds indicated; a ruling on each is requested.

Objection 1. Paragraph 2 ("I substituted out of Los Angeles Superior Court Case no. 23SMCV05401 and ended my representation of Shlomi Abittan on or about October 6, 2025."): The statement is an improper legal conclusion concerning the effective date of termination of the attorney-client relationship as to adverse parties, which is governed as a matter of California law by Code of Civil Procedure sections 284 and 285. Fed. R. Evid. 701. The statement further lacks foundation and is contradicted by the face of Exhibit 1 to Doc 22 and by the public register of actions in Case No. 23SMCV05401, which shows that the Substitution of Attorney was filed on December 3, 2025.

Objection 2. Paragraph 3 ("I informed Amir Mostafavi in writing via email sent on or shortly after October 6, 2025, that I was no longer representing Shlomi Abittan."): The statement is contradicted by the October 1, 2025 email from Mr. Stern to Movant, which predates the October 6, 2025 date. The statement lacks foundation to the extent it purports to describe the content or date of a writing whose best evidence is the writing itself. Fed. R. Evid. 1002.

Objection 3. Paragraph 3 ("I was not authorized to and did not accept service of the First Amended Complaint in Los Angeles Superior Court Case no. 25SMCV03852 on November 4, 2025."): The statement is contradicted by the contemporaneous return of a registered California process server, Exhibit 2 to Doc 22, which under Evidence Code section 647 is entitled to a statutory presumption of truth. The statement is also an improper legal conclusion concerning the effectiveness of service. Fed. R. Evid. 701; Evid. Code, § 647.

Objection 4. Paragraph 4 ("I informed Amir Mostafavi verbally and via email on or about November 4, 2025 that I was not authorized to accept service of any pleadings on behalf of Shlomi Abittan in the above entitled action."): The statement is inconsistent with paragraph 3 of the same declaration, lacks foundation as to the content and exact date of any writing, and is irrelevant because under Code of Civil Procedure section 285 it is the filing of the substitution, not private statements, that terminates the representation as to the adverse party. Fed. R. Evid. 402, 1002; Code Civ. Proc., § 285.

Objection 5. Paragraph 5 ("Service of Shlomi Abittan on November 4, 2025 via service to my office was not effective as I did not represent Mr. Abittan at that time and was not authorized to accept service on his behalf."): The statement is an inadmissible legal conclusion on the ultimate question of service, lacks foundation, and is contradicted by (i) the POS-010 return (Evid. Code, §

7

647), (ii) the face of the MC-050 filed December 3, 2025, and (iii) sections 284 and 285. Fed. R. Evid. 701, 704.

Objection 6: Doc 27 filed by SNIC does not have the signature of its counsel. Rule 90119(a) requires that "Every petition, pleading, written motion, and other document—except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record in the attorney's individual name." Doc 27 was not filed by Mr. Stern, who signed his declaration, but rather filed by Mr. Tortorici, SNIC's counsel who did not sign the document.

For each of the foregoing reasons, Movant respectfully requests that the Court sustain these objections and strike paragraphs 2 through 5 of the Stern Declaration, or in the alternative, give them no weight.

## VII.    REQUEST FOR INQUIRY UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AND CALIFORNIA RULES OF PROFESSIONAL CONDUCT RULES 3.3 AND 3.4

Movant recognizes that the Court is skeptical of requests for sanctions and that such requests require a careful record. Movant is not asking the Court, at this stage, to impose sanctions on any counsel or to find that any attorney has knowingly submitted false testimony. Movant asks only that, in light of the irreconcilable narratives summarized above, the Court set a further status conference or issue an order to show cause at which the following questions can be addressed on a developed record: (1) whether the MC-050 attached to the Debtor's declaration as Exhibit 1 was in fact signed on the October 6, 2025 dates shown on its face, and if not, by whom and when the form was actually executed; (2) whether the "on or shortly after October 6, 2025" email described in paragraph 3 of the Stern Declaration exists, and if so whether it is the same October 1, 2025 email Movant will authenticate; (3) whether the filing of the Stern Declaration by counsel for SNIC — a declaration authored by the Debtor's former counsel, concerning service effected on the Debtor, in a contested matter in which SNIC is not the Debtor and has denied coverage — complies with Federal Rule of Bankruptcy Procedure 9011(b); and (4) whether California Rules of Professional Conduct, rules 3.3 and 3.4, have been implicated. Movant raises these concerns in a balanced manner, as invitations to inquiry rather than accusations, consistent with Movant's obligations of candor to this Court.

## VIII.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court (1) sustain Movant's objections to entire unsigned Doc 27 under Rule 9011(a); to paragraphs 2 through 5 of the Stern

8

Declaration and strike those paragraphs or give them no weight; (2) find that, as a matter of California law under Code of Civil Procedure sections 284 and 285, Mr. Stern remained the Debtor's attorney of record in Los Angeles Superior Court Case No. 23SMCV05401 until the Substitution of Attorney was filed and served on December 3, 2025; (3) find that the November 4, 2025 personal service at Mr. Stern's office in Case No. 25SMCV03852 is entitled to the presumption of validity created by Evidence Code section 647; (4) grant the Motion for Relief from the Automatic Stay; and (5) set a further proceeding to examine, on a developed record, the contradictions among the Stern Declaration, and the Abittan Declaration.

Dated: April 9, 2026                    **MOSTAFAVI LAW GROUP, APC**

                                        By: /s/ Amir Mostafavi

                                        _____
                                        AMIR MOSTAFAVI, Esq.
                                        Attorney for Plaintiff, NM Family Trust    AMIR
                                        MOSTAFAVI, ESQ. (SBN: 282372)

MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY;
EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC
27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER
CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4

**MOSTAFAVI LAW GROUP, APC**
15243 La Cruz Dr., #67
Pacific Palisades, California 90272
Telephone: (310) 849-2030
Facsimile: (310) 473-2222
amir@mostafavilaw.com
*Attorneys for Movant Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO VALLEY DIVISION

In re:

SHLOMI ABITTAN,
     Debtor.

AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018,
     Movant,
       v.
     SHLOMI ABITTAN, Debtor-Respondent; NANCY J. ZAMORA, Chapter 7 Trustee,
     Respondents.

**CASE NO.: 1:26-BK-10386-MB**
**JUDGE: HON. MARTIN R. BARASH**

**CHAPTER 7**

**DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY; EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4**

*[Filed concurrently with Reply and Objection]*

HEARING DATE: APRIL 14, 2026
HEARING TIME: 10:00 AM
COURTROOM: 303
21041 BURBANK BLVD.
WOODLAND HILLS, CA 91367

10

MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY;
EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4

## DECLARATION OF AMIR MOSTAFAVI

I, Amir Mostafavi, declare as follows:

1. I am an attorney licensed to practice law in the State of California (State Bar No. 282372) and the principal of Mostafavi Law Group, APC. I am also the duly appointed Trustee of the NM Family Trust, Dated July 10, 2018 ("NMFT"). I make this Declaration in support of Movant's Reply in support of Motion For Relief From Automatic Stay; Evidentiary Objections To And Request To Strike Declaration Of Harvey Stern (doc 27); and Request For Order To Show Cause Re Sanctions And Inquiry Under California Rules of Professional Conduct 3.3 and 3.4. I have personal knowledge of the matters stated herein except where stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2. On October 1, 2025, I received an email from Debtor's counsel, Mr. Harvey Stern stating "Please be on notice that this office does not represent Shlomi Abittan or any other party in any action other than 23SMCV05401. We cannot and will not accept service on any other cases, related or not. Specifically, there is another related case that you filed, 25SMCV03852, in which we are not representing any parties." A true and accurate of Mr. Stern October 1, 2025, email is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 9, 2026, at Pacific Palisades, California.



_____

Amir Mostafavi, Declarant

# EXHIBIT A

**From:** **Harvey Stern** hsternla@gmail.com
**Subject:** Notice
**Date:** October 1, 2025 at 2:34 PM
**To:** Amir Mostafavi, Esq. amir@mostafavilaw.com
**Cc:** Bryan Hilson bryan@sternlawla.com

Amir
Please be on notice that this office does not represent Shlomi Abittan or any other party in any action other than
23SMCV05401. We cannot and will not accept service on any other cases, related or not. Specifically, there is another
related case that you filed, 25SMCV03852, in which we are not representing any parties.

--
Harvey I. Stern
9454 Wilshire Blvd. PH
Beverly Hills, CA  90212
O 310.276.8800
M 310.741.3636
F 310.276.8801
Hsternla@gmail.com

This e-mail, along with any attachments, is considered confidential and may be legally privileged. If you have
received this in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this
message from your system. Please do not copy or use it for any purposes or disclose its contents to any other person.
Thank you for your cooperation.

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this proceeding. My business address is 15243 La Cruz Drive, Suite 67, Pacific Palisades, California 90272. On April 9, 2026, I caused to be served the following documents:

**1. MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY; EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4**

**2. DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY; EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4**

Said documents were served on the parties listed below as indicated:

| Name / Address | Capacity | Method of Service |
|---|---|---|
| Shlomi Abittan 7635 Ponce Ave. West Hills, CA 91304 shlomia17@gmail.com | Debtor / Respondent (Pro Per as to this Motion) | Electronic Service |
| Marc Weinberg, Esq. Law Office of Marc Weinberg 16501 Ventura Blvd., Suite 400 Encino, CA 91436 marcweinberg@att.net | Debtor's Counsel of Record (Limited Scope) | Electronic Service |
| Nancy J. Zamora, Chapter 7 Trustee 633 West 5th Street, Suite 2600 Los Angeles, CA 90071 zamora3@aol.com | Chapter 7 Trustee | Electronic Service |
| Office of the United States Trustee 915 Wilshire Blvd., Suite 1850 Los Angeles, CA 90017 | U.S. Trustee | U.S. First Class Mail |
| Jason P. Tortorici SCHILLECI & TORTORICI, P.C. 21225 Pacific Coast Hwy, Suite C Malibu, CA 90265 JPT@SchilleciTortoriciLaw.com | SNIC's Counsel | Electronic Service |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 9, 2026, at Pacific Palisades, California.

/s/ Amir Mostafavi

_____

Amir Mostafavi

MOVANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY;
EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF HARVEY STERN (DOC 27); AND REQUEST FOR ORDER TO SHOW CAUSE RE SANCTIONS AND INQUIRY UNDER CALIFORNIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 3.4